ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| LUIS DANIEL SAMBOLIN ROBLES<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2026RA00264 | *Revisión Administrativa,* procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Núm.: 311-26-026<br><br>Sobre: Querella Disciplinaria |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de mayo de 2026.

Comparece Luis Daniel Sambolin Robles ("señor Sambolin Robles" o "Recurrente"), por derecho propio, mediante un recurso de *Revisión Judicial* y nos solicita que revisemos una *Resolución* emitida por el Departamento de Corrección y Rehabilitación ("DCR" o "Recurrido"). En virtud de la aludida determinación, el DCR sancionó al recurrente a una segregación disciplinaria por un término de sesenta (60) días.

Por los fundamentos que proceden, se *desestima* el recurso de revisión administrativa, por incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones.

**I.**

Por hechos acontecidos, el 16 de enero de 2026, el DCR emitió una *Resolución* en virtud de la cual sancionó al señor Sambolin Robles a una segregación disciplinaria por el término de sesenta (60) días, por violación al Código 108 del Reglamento Núm. 9221 de 8 de octubre de 2020, *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional.*[1]

---

[1] No obra en el expediente la fecha en la que fue dictada la *Resolución* recurrida.

Inconforme, el 12 de febrero de 2026, el recurrente presentó una Solicitud de Reconsideración, la cual fue acogida por el DCR el 13 de febrero de 2026.

Transcurrido el término de noventa (90) días para que el DCR emitiera una resolución, el 20 de mayo de 2026, el señor Sambolin Robles acudió ante nos mediante un recurso de *Revisión Judicial.* En síntesis, la parte recurrente expuso que la *Resolución* recurrida fue basada en declaraciones falsas realizadas por los oficiales de la institución carcelaria.

Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

**II.**

**-A-**

Es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Cordero et al. v. ARPe et al.,* 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal, por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, *op. cit.,* pág 109.

**-B-**

Como es sabido, "[l]a apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento". *Morán v. Marti*, 165 DPR 356, 367 (2005).

En lo aquí pertinente, el Reglamento del Tribunal de Apelaciones dispone que los recursos de revisión administrativa deberán presentarse dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha del archivo en autos de la notificación de la determinación final del organismo o agencia. Regla 57 del Reglamento de Tribunal de Apelaciones, *op. cit.*, pág. 79.

Así, también, nuestro Reglamento regula todo lo relacionado al contenido de los recursos de revisión. La Regla 59 establece que el escrito deberá contener: (1) una cubierta; (2) un índice; (3) un cuerpo; y (4) un apéndice. Regla 59 del Reglamento del Tribunal de Apelaciones, *op. cit.*, págs. 81-85. De manera particular, la aludida regla especifica que el cuerpo del escrito tendrá que incluir lo siguiente:

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

(c) **Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión**, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

[...]

(d) **Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.**

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) **Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.**

(g) La súplica.

En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés*, 171 DPR 250 (2007), *Arriaga v. F.S.E.*, 145 DPR 122 (1998). Sobre el particular, nuestra más alta Curia ha expresado que:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. *Morán v. Marti, supra*, pág. 367.

**Las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales.** (Énfasis suplido). *Febles v. Romar*, 159 DPR 714, 722 (2003).

### III.

La parte recurrente aduce que la agencia recurrida incidió al emitir la sanción disciplinaria, debido a que la determinación fue basada en declaraciones falsas provistas por los oficiales del DCR. Tras un examen del expediente, concluimos que carecemos de jurisdicción para atender el recurso presentado por el señor Sambolin Robles, por incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones, *supra*.

Precisamos que, entre las múltiples faltas cometidas, el recurrente no hizo referencia a la determinación recurrida. Peor aún, la *Resolución* de la cual recurre no fue presentada en su totalidad, ya que el señor Sambolin Robles anejó una porción incompleta. Así también, destacamos que tampoco expuso una relación fiel y concisa de los hechos procesales o importantes de la querella o señaló de manera específica los errores presuntamente incurridos por el DCR.

Como consecuencia, no nos colocó en posición para atender su reclamo. A tenor con las disposiciones normativas reseñadas, nos vemos obligados a desestimar el presente recurso.

**IV.**

Por los fundamentos que anteceden, se *desestima* el recurso de revisión administrativa, por incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
